UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, <br> Plaintiff(s), <br> v. <br> SATICOY BAY LLC SERIES 9338 WILDERNESS GLEN AVANUE, et al., <br> Defendant(s). | Case No. 2:17-CV-1775 JCM (PAL) <br><br> ORDER |

Presently before the court is defendant Saticoy Bay LLC Series 9338 Wilderness Glen Avenue's ("Saticoy Bay") motion to dismiss. (ECF No. 11). Plaintiff Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust A, ("Wilmington") filed a response (ECF No. 13), to which defendant replied (ECF No. 17).

Also before the court is plaintiff's motion for leave to conduct discovery. (ECF No. 14). Defendant filed a response (ECF No. 18), to which plaintiff replied (ECF No. 19).

**I. Facts**

This case involves a dispute over real property located at 9338 Wilderness Glen Avenue, Las Vegas, Nevada, 89178 ("the property"). (ECF No. 1).

On October 13, 2005, Darren and Amy Baca purchased the property. *Id.* In connection with their purchase, the Bacas obtained a loan in the amount of $448,523. *Id.* The loan was secured by a deed of trust, recorded on January 19, 2006. *Id.* The deed of trust listed Bank of America as the lender and beneficiary, and PRLAP, Inc. as the trustee. *Id.* On April 7, 2014, the deed of trust was assigned to plaintiff (as trustee of ARLP Trust 3). *Id.*

**James C. Mahan**
**U.S. District Judge**

On February 9, 2012, Leach Johnson Song & Gruchow ("the HOA trustee"), on behalf of Yellowstone Homeowners Association ("the HOA"), recorded a notice of delinquent assessment lien, listing an amount due of $973.49. *Id.* On April 27, 2012, the HOA trustee, on behalf of the HOA, recorded a notice of default and election to sell, listing an amount due of $1,917.70. *Id.* On February 5, 2013, the HOA trustee, on behalf of the HOA, re-recorded the notice of default and election to sell, stating a current amount due of $4,234.06. *Id.*

On March 18, 2015, the HOA trustee, on behalf of the HOA, recorded a notice of foreclosure sale, stating an amount due of $7,218.06. *Id.*

On September 24, 2015, the HOA trustee, on behalf of the HOA, re-recorded the second notice of default and election to sell in order to correct the APN number. *Id.*

On February 25, 2016, the HOA foreclosed on the property. *Id.* Saticoy Bay purchased the property at the foreclosure sale for $176,100. *Id.* Plaintiff contends that at the time of purchase, Saticoy Bay was on "actual, constructive or inquiry notice of Plaintiff's first Deed of Trust." *Id.* at 8.

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent

with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, claim (4) of plaintiff's complaint will be dismissed without prejudice as the court follows the well-settled rule that claims for "injunctive relief" standing alone are not causes of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Defendant's motion asks the court to dismiss plaintiff's complaint. (ECF No. 11). Plaintiff argues, *inter alia*, that defendant's motion to dismiss fails to identify the legal standard pursuant to which it seeks dismissal. (ECF No. 13). Defendant responds that its "motion to dismiss states

James C. Mahan
U.S. District Judge

at page 2, lines 17-18, that '[t]he complaint fails to state a cause of action against defendant upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) because defendant is a bona fide purchaser . . . .'" (ECF No. 17 at 2). Nowhere else in defendant's motion does it detail a relevant legal standard or apply a legal standard to the facts of this case.

As plaintiff notes, "allegations made in the Complaint are generally taken as true and viewed in the light most favorable to the non-moving party." (ECF No. 13). When viewed in such a light, plaintiff's complaint plausibly alleges that defendant is not protected by the bona fide purchaser doctrine, as plaintiff alleges that defendant was on actual, constructive, or inquiry notice of plaintiff's interest in the property prior to the foreclosure sale. *See* (ECF No. 1 at 8).

As defendant does not cite any legal standard to support the other arguments made in its motion to dismiss, the court will deny the motion.

Plaintiff filed a motion seeking the alternative relief of discovery pursuant to Federal Rule of Civil Procedure 56(d) if the court was inclined to grant defendant's motion to dismiss. As the court will deny defendant's motion to dismiss, plaintiff's motion for leave to conduct discovery pursuant to Rule 56(d) is moot. The court will deny the motion.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 11) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to conduct discovery (ECF No. 14) be, and the same hereby is, DENIED as moot.

DATED June 19, 2018.

_____
UNITED STATES DISTRICT JUDGE