UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY,<br><br>          Plaintiff(s),<br><br>  v.<br><br>SATICOY BAY LLC SERIES 9338 WILDERNESS GLEN AVANUE, et al.,<br><br>          Defendant(s). | Case No. 2:17-CV-1775 JCM (BNW)<br><br>ORDER |

  Presently before the court is the matter of *Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A v. Saticoy Bay, LLC, Series 9338 Wilderness Glen Avenue et al.*, case number 2:17-cv-01775-JCM-BNW.

**I. Background**

  This action is one of many arising from a foreclosure sale authorized by Nevada's statutory scheme that grants homeowners' associations a "super-priority" lien for unpaid assessments. (ECF No. 1).

  On July 29, 2019, this court granted summary judgment in favor of defendant Saticoy Bay, LLC, Series 9338 Wilderness Glen Avenue ("Saticoy Bay"). (ECF No. 48). Plaintiff Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A ("Wilmington") moved the court to reconsider its order, arguing that it did not receive notice of the sale. (ECF No. 57). On February 5, 2020, the court granted Wilmington's motion for reconsideration and granted summary judgment in favor of Wilmington on the grounds that it did not receive notice. (ECF No. 70). Judgment was entered in Wilmington's favor on that same day. (ECF No. 71). Saticoy Bay appealed. (ECF No. 87).

**James C. Mahan**
**U.S. District Judge**

On November 17, 2021, the Ninth Circuit reversed this court's entry of summary judgment in light of intervening Nevada state authority regarding the "notice/prejudice rule" applicable to foreclosure sales. (ECF No. 95). The Ninth Circuit also remanded these proceedings "to allow the district court to evaluate in the first instance whether Wilmington has made a sufficient showing of prejudice." (*Id.*). The order on mandate was entered on December 16, 2021. (ECF No. 98).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  party fails to meet its initial burden, summary judgment must be denied and the court need not
2  consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–
3  60 (1970).

4  If the moving party satisfies its initial burden, the burden then shifts to the opposing party
5  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
6  *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the
7  opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient
8  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
9  versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,
10 630 (9th Cir. 1987).

11 In other words, the nonmoving party cannot avoid summary judgment by relying solely on
12 conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040,
13 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the
14 pleadings and set forth specific facts by producing competent evidence that shows a genuine issue
15 for trial.  *See Celotex*, 477 U.S. at 324.

16 At summary judgment, a court's function is not to weigh the evidence and determine the
17 truth, but to determine whether a genuine dispute exists for trial.  *See Anderson v. Liberty Lobby*,
18 *Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all
19 justifiable inferences are to be drawn in his favor."  *Id.* at 255.  But if the evidence of the
20 nonmoving party is merely colorable or is not significantly probative, summary judgment may be
21 granted.  *See id.* at 249–50.

22 **III.  Discussion**

23 Under Nevada law, failure to provide notice to interested parties does not "automatically
24 void[]" a foreclosure sale.  *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 446 (Nev.
25 2019) (hereinafter "*Res. Grp.*").  Instead, it applies the "notice/prejudice" rule, "under which three
26 showings are required to void a sale: (1) that the HOA did not 'substantially comply' with its
27 statutory notice obligations, (2) that the complaining party (here, Wilmington) 'did not receive
28 timely notice by alternative means,' and (3) that the complaining party 'suffered prejudice as a

**James C. Mahan**
**U.S. District Judge**

- 3 -

result.'"  (ECF No. 95 at 3 (citing *Res. Grp.*, 444 P.3d at 448) (internal citations omitted)). "Substantial compliance requires that a party (1) have actual knowledge, and (2) not suffer prejudice." *Saticoy Bay, LLC, Series 9050 W Warm Springs 2079 v. Nevada Ass'n Servs.*, 444 P.3d 428, 435 (Nev. 2019).

In its reconsideration order (ECF No. 70), this court determined that Saticoy Bay sent a notice to Wilmington's predecessor in interest, Bank of America, N.A. ("BANA"), but not to Wilmington. (ECF No. 70 at 4). Further, the record shows that Wilmington did not receive timely notice of the foreclosure sale by alternative means. Thus, to prevail on summary judgment, Wilmington must show that it suffered prejudice. *See Res. Grp.*, 444 P.3d at 448; *Nevada Ass'n Servs.*, 444 P.3d at 435.

Here, Wilmington argues that "because [Wilmington] was not provided with the Notice of Sale and Third Notice of Default it was deprived of requisite time to attempt to satisfy the HOA lien or super-priority portion of the HOA lien." (ECF No. 66 at 7). This argument is supported by allegations contained in Wilmington's complaint. (ECF No. 1).

Specifically, Wilmington alleges that that "[t]he HOA Sale . . . violated [Wilmington]'s rights to due process because Wilmington or its predecessors were not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any." (*Id.* ¶ 21) (emphasis added). Wilmington further alleges that "[t]he HOA Sale deprived [Wilmington] of its right to due process because the foreclosure notices failed to . . . provide [Wilmington] notice of the correct super-priority amount, and to provide [Wilmington] a reasonable opportunity to satisfy that amount." (*Id.* ¶ 29) (emphasis added).

Essentially, Wilmington alleges that it suffered prejudice as a result of Saticoy Bay's failure to substantially comply with its statutory notice requirements because it lost the opportunity to cure the deficiency or default before the foreclosure sale. However, Wilmington does not specifically show that it would have cured the default if it was properly noticed.

Under Federal Rule of Civil Procedure 56(e), the court may give an opportunity to a party to properly support or address a fact that it failed to properly support as required by Rule 56(c).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Here, Saticoy Bay argues that Wilmington does not present evidence that it was prejudiced. (ECF
2  No. 63 at 9). Therefore, the court gives Wilmington the opportunity to support or address whether
3  it was prejudiced. *See, e.g.*, *Res. Grp.*, 444 P.3d at 447 ("At trial, [the plaintiff's] collection officer
4  testified . . . . [T]hat, had [plaintiff] received notice of default, it would have paid the lien off and
5  charged its borrower. . . . This testimony, if credited, establishes the . . . prejudice needed to void
6  the sale."); *Bank of New York Mellon v. Terra Bella Owners Ass'n, Inc.*, No. 2:16-cv-00549-APG-
7  NJK, 2019 WL 6529036, at *8 (D. Nev. Dec. 4, 2019) ("BONY has presented evidence, which
8  the defendants do not challenge, that if its servicer, BANA, had received the notices, then BANA
9  would have followed its practice of hiring Miles Bauer and attempting to tender."); *accord*
10 *Samsara Invs. LLC Series #4 v. Carrington Mortg. Servs., LLC*, 488 P.3d 678 (Nev. App. 2021)
11 (holding that the district court did not err in believing the plaintiff's testimony that plaintiff would
12 have tendered the super-priority portion of the HOA's lien had it received such notice).

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wilmington has 14 days from the date of this order to file a supplement to its motion for reconsideration (ECF No. 70), if any. If Wilmington does file a supplement, Saticoy Bay has 7 days to file a response, if any. Both the supplement and response are limited to the issue of prejudice and are limited to five pages.

DATED December 29, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -