UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY,<br><br>  Plaintiff(s),<br><br>  v.<br><br>SATICOY BAY LLC SERIES 9338 WILDERNESS GLEN AVANUE, et al.,<br><br>  Defendant(s). | Case No. 2:17-CV-1775 JCM (BNW)<br><br>ORDER |

Presently before the court is the matter of *Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A v. Saticoy Bay, LLC, Series 9338 Wilderness Glen Avenue et al.*, case number 2:17-cv-01775-JCM-BNW.

On November 17, 2021, the Ninth Circuit reversed this court's entry of summary judgment in favor of plaintiff Wilmington Savings Fund Society, FSB's ("Wilmington") in light of intervening Nevada state authority regarding the "notice/prejudice rule" applicable to foreclosure sales. (ECF No. 95). The Ninth Circuit also remanded these proceedings "to allow the district court to evaluate in the first instance whether Wilmington has made a sufficient showing of prejudice." (*Id.*). The order on mandate was entered on December 16, 2021. (ECF No. 98).

On December 29, 2021, the court ordered Wilmington to supplement its motion for summary judgment as to the issue of whether it suffered prejudice resulting from defendant Saticoy Bay, LLC, Series 9338 Wilderness Glen Avenue's ("Saticoy Bay") failure to provide notice. (ECF No. 99). Wilmington then supplemented its motion (ECF No. 106), to which Saticoy filed a supplemental response (ECF No. 111). The parties are well aware of the facts involved in this matter; so, the court will not repeat them here.

**James C. Mahan**
**U.S. District Judge**

Having reviewed the parties' supplemental briefing, the court DENIES both parties' motions for summary judgment. (ECF Nos. 38, 39).

To show that it suffered prejudice, Wilmington submits two affidavits from Christiana Trust's servicing agents, Ocwen Financial Corporation ("Ocwen") and BSI Financial Services Inc. ("BSI"). (ECF Nos. 106-1; 106-2). Those nearly identical affidavits provide that,

> Since the Nevada Supreme Court's September 18, 2014[,] decision in *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), [Ocwen and BSI have], as a matter of business practice in Nevada, upon receiving HOA foreclosure notices . . ., contacted the foreclosing homeowner's association and/or its foreclosure trustee to obtain a lien payoff statement and/or to obtain a postponement of a foreclosure sale in order to obtain a payoff statement, . . . and tendered the same to the homeowner's association's lien prior to the foreclosure sale.

(ECF Nos. 106-1 at 5–6; 106-2 at 5–6). The affidavits also provide that Ocwen and BSI would have "tender[ed] the superpriority amount of the foreclosing homeowner's association's lien prior to the HOA sale" if they "had received advance notice" of the sale. (ECF Nos. 106-1 at 5–6; 106-2 at 5–6).

Saticoy argues that these affidavits are not enough for Wilmington to prevail on its motion for summary judgment because they do not *prove* that it would have tendered the payment had it received notice. The court agrees.

Wilmington's affidavits declare that its servicing agents would have tendered payments if they had received notice because it was their regular business practice. However, that practice apparently arose just before the HOA sale at issue and Saticoy points to an instance just one year prior where Ocwen failed to tender a similar payment even after receiving notice. *See Wells Fargo Bank, N.A. v Kari Lee Limited Partnerships et al.*, Case No 2:17-cv-01184-APG-VCF (D. Nev. Feb. 18, 2020).[1]

At summary judgment, the court's role is not to weigh evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

---

[1] However, the HOA sale in *Kari Lee* occurred prior to the *SFR* decision that both Ocwen and BSI declare changed their business practices.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Here, the court reviews the parties' dueling motions for summary judgment. (ECF Nos. 38; 39). Accepting all of Wilmington's evidence as true and drawing all reasonable inferences in its favor, it would have tendered payment upon receiving the notice. However, accepting all of Saticoy's evidence as true and drawing all reasonable inferences in its favor, Wilmington may not have tendered payment even if it received notice.

Thus, summary judgment is inappropriate for either party because there remains a genuine issue of material fact as to whether Wilmington suffered prejudice as a result of Saticoy's failure to provide notice.

**I.      Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wilmington's motion for summary judgment (ECF No. 38) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Saticoy Bay's motion for summary judgment (ECF No. 39) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to Local Rule 16-5, this matter is REFERRED to Magistrate Judge Brenda Weksler for a settlement conference.

DATED April 15, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**